Mr. Paul N. Revis Executive Director Arkansas Waterways Commission 1515 West Seventh Street, Suite 505 Little Rock, Arkansas 72201
Dear Mr. Revis:
This is in response to your request for an opinion regarding the Arkansas Waterways Commission (the "Commission") and its members and agents. Your request states in part:
 The Commission has approved sponsorship of the White River Navigation Project pending any conditions that may be legally restrictive. We would appreciate an Opinion from your office regarding any restraints on the use of this authority and obligations the Commission might assume as a sponsor. Please address the personal liabilities of the Commissioners and their agents in your response.
The statutes creating and governing the Commission are codified at A.C.A. §§ 15-23-201 to -204 (Repl. 1994). The powers and duties of the commission are set forth in A.C.A. § 15-23-202 and, as noted in your request, include the Commission's power to:
 (6)(A) Cooperate with and furnish assurances to the United States Government and any agencies thereof for improvement of the waterways of this state for the purpose of commercial navigation and other project purposes and contract with the Secretary of the Army and the Chief of Engineers of the United States Army Corps of Engineers to provide the necessary lands, easements, and rights-of-way in connection therewith;
 (B) Share, if necessary, in the costs of the projects in the event the Chief of Engineers determines that it is necessary under applicable federal laws and policy; and
 (C) Otherwise furnish local cooperation requirements of the laws authorizing projects;
 (7) Have and exercise the power and authority to acquire such real and personal property, in the name of the State of Arkansas, by gift, grant, purchase, negotiation, or by condemnation, as the commission deems necessary or desirable to carry out its functions and responsibilities under this subchapter[.]
I assume the Commission's sponsorship of the White River Navigation Project will involve the Commission's becoming a party to one or more agreements, which agreements may contain various representations and covenants of the Commission. Without undertaking a searching examination of all such agreements and any other documents relating to the Project, and of all other facts and circumstances relevant to the Commission's sponsorship of the Project, I am unable to render any opinion with respect to "any restraints on the use of this authority and obligations that the Commission might assume as a sponsor." The inquiry necessary to determine all such relevant facts is beyond the authority of this office. Questions about such matters are properly addressed to the Commission's counsel.
With respect to potential personal liability of the members and agents of the Commission, it is my opinion that such individuals are protected by A.C.A. § 19-10-305(a) (Repl. 1994), which provides:
 Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh